UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BEIJING AUTOMOTIVE INDUSTRY IMPORT AND          )
EXPORT CORPORATION,                             )
     *Plaintiff*,                                )
                                                )          1:13-cv-01850-JMS-DML
     *vs.*                                       )
                                                )
INDIAN INDUSTRIES, INC. d/b/a ESCALADE          )
SPORTS and DOES 1-50,                           )
     *Defendants*.                               )

## ORDER

On December 10, 2013, the Court issued an order regarding deficiencies in Plaintiff Beijing Automotive Industry Import and Export Corporation's ("Beijing") Complaint.  [Dkt. 7.] The Court specifically ordered as follows:

> Beijing's allegation that it is "a Chinese corporation with its principal place of business in Beijing, China" **does not inform the Court which American business form Beijing most closely resembles**.  The Seventh Circuit Court of Appeals has said such information is required to adequately address whether diversity jurisdiction exists.  *See Global Dairy Solutions Pty Ltd. v. BouMatic LLC*, 2013 WL 1767964, at *1 n.1 (7th Cir. 2013) (analyzing the citizenship of the foreign corporation based on which American business form the foreign company most closely resembles) (citing *White Pearl Invesiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684 (7th Cir. 2011)).  Therefore, Beijing must amend its Complaint to properly allege its citizenship in conformity with *Global Dairy* and *White Pearl*.

[*Id.* (emphasis added).]  The Court gave Beijing until December 20, 2013 to amend its complaint.  [*Id.*]

On December 12, 2013, Beijing filed an Amended Complaint, asserting in relevant part that it is a "Chinese corporation with its principal place of business in Beijing, China.  [Beijing] does not have any shareholders who are citizens of Indiana, nor does it have any shareholders, owners, or members who are aliens admitted to the United States for permanent residence who are domiciled in Indiana."  [Dkt. 8 at 1.]  The allegations in Beijing's Amended Complaint do

- 1 -

not address the issue raised in the Court's previous jurisdictional order, specifically, which American business form Beijing—a Chinese corporation—most closely resembles.  It is possible that a Chinese corporation does not closely resemble an American corporation, which Beijing actually implies with its new allegation regarding the citizenship of its shareholders, since the citizenship of shareholders is not analyzed when determining the citizenship of an American corporation.  *See Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006) (a corporation has two places of citizenship: where it is incorporated and where it has its principal place of business).

Additionally, the caption of Beijing's Amended Complaint lists "Does 1-50 inclusive" as parties.  [Dkt. 8.]  But the body of that pleading ignores those fictitious parties and does not identify any claims against them.  [*Id.*]  As a general matter, "John Does" are not allowed in federal diversity suits because diversity jurisdiction must be proved by the plaintiffs rather than assumed as a default.  *Howell v. Tribune Entertainment Co. v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997) ("the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship"); *Moore v. General Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996) ("this court cannot presume that [ABC Corporations] 1-10 are diverse with respect to the plaintiff").  It is unclear whether Beijing actually intends to assert claims against Does 1-50.

The Court is not being hyper-technical:  Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

For these reasons, the Court **STRIKES** Beijing's Amended Complaint.  [Dkt. 8.]  The Court's previously issued jurisdictional order remains in effect, [dkt. 7], which requires Beijing to file an Amended Complaint by **December 20, 2013**.  For an example of an amended complaint that properly addressed a foreign entity issue in another case, Beijing should review *McGuire v. Organon USA, Inc., et al.*, No. 1:13-cv-1596-JMS-MJD, dkt. 11 at 2 ¶¶ 3.  Additionally, Beijing's amended pleading should address the Court's concerns regarding the presence of "Does 1-50" as parties to this litigation.

12/13/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only**:

Tabitha Jane Balzer
LEWIS & KAPPES
tbalzer@lewis-kappes.com

Thomas R. Ruge
LEWIS & KAPPES
truge@lewis-kappes.com