UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BEIJING AUTOMOTIVE INDUSTRY IMPORT AND EXPORT CORPORATION, | ) ) | |
| _Plaintiff/Counter-Defendant_, | ) ) | 1:13-cv-01850-JMS-DML |
| _vs._ | ) ) | |
| INDIAN INDUSTRIES, INC. d/b/a ESCALADE SPORTS, | ) ) ) | |
| _Defendant/Counter-Plaintiff._ | ) | |

## ORDER

Following three jurisdictional orders in this case, the Court accepted the parties' Joint Jurisdictional Statement as sufficient to confer jurisdiction on the Court at that time. [Filing No. 27.] The parties' Joint Jurisdictional Statement was, at least in part, predicated on the Affidavit of Jimmy Wang. [Filing No. 24-1.] Approximately nine months later, Plaintiff filed a Second Affidavit of Jimmy Wang that amended his original affidavit. [Filing No. 52.] The Court, in a fourth jurisdictional order, required the parties to explain whether the changes in the affidavit affected the Court's jurisdiction. [Filing No. 53.] The parties submitted a Second Joint Jurisdictional Statement, but they only stated that they agree that the Second Affidavit of Jimmy Wang does not "affect whether the Court has jurisdiction"; they did not further explain why this is so. [Filing No. 54 at 2.]

The Court has an independent duty to ensure that it possesses jurisdiction over the actions assigned to it. _Thomas v. Guardsmark, LLC_, 487 F.3d 531, 533 (7th Cir. 2007). The Seventh Circuit has recently provided significant guidance in resolving similar issues as the one presented here. _See InStep Software LLC v. Instep (Beijing) Software Co., Ltd._, --- Fed. Appx. ----, 2014 WL 4637171 (7th Cir. 2014) (citing _Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equipment_

*Co.*, 759 F.3d 787 (7th Cir. 2014); *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790 (7th Cir. 2014)). For this Court to ensure that it has jurisdiction, the parties are **ORDERED** to file another Joint Jurisdictional Statement setting forth the following:

> (a) what kind of business form [Plaintiff] has; (b) what attributes such a form possesses under Chinese law (for example, does it have alienable shares, and what role does the government of China play in determining the venture's duration and ownership?); and (c) whether a business organization of this kind should be treated as a corporation for the purpose of § 1332, given the analysis in *Fellowes* and *BouMatic*.

*Id.* at *1.

The parties' joint jurisdictional statement must be filed by **October 6, 2014**, and if they cannot agree, the parties must file individual statements by the same date.

September 23, 2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**